# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE RAMIREZ,

        Petitioner

v.

BRIAN WILLIAMS, et al.,

        Respondents

Case No. 2:19-cv-02073-JAD-EJY

**Order Dismissing Petition and Denying Application for Pauper Status**

[ECF Nos. 1 & 1-2]

      Petitioner Jose Ramirez brings his petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2007 Nevada state-court conviction.[1] On initial review under the Rules Governing Section 2254 Cases,[2] the petition appeared to be subject to dismissal with prejudice because it was filed long after the one-year filing deadline in 28 U.S.C. § 2244(d)(1) expired. So I ordered Ramirez to show cause in writing by January 15, 2020, why his petition should not be dismissed with prejudice as time-barred. I also deferred consideration of his application to proceed *in forma pauperis* and motion for appointment of counsel until after he responded to the order to show cause.[3] He failed to respond or request an extension of time to do so. I thus dismiss his petition with prejudice as time-barred and deny his pending motions as moot.

## Discussion

      Ramirez's petition challenges a 2007 conviction and sentence imposed by the Eighth Judicial District Court for Clark County in *State v. Ramirez*, Case No. 03C191567-2.[4] A jury

---

[1] ECF No. 1-1.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] ECF Nos. 1 & 1-2.

[4] *See also Ramirez v. State*, Case No. 50823 (Nev. Sup. Ct.). I take judicial notice of the online docket records of the state district court and appellate courts. The state courts' docket records may be accessed by the public online at https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. According to state court records, no intervening judgment of conviction has been entered in Ramirez's criminal case.

1

found Ramirez guilty of multiple counts of conspiracy to commit a crime, robbery, burglary, first-degree kidnapping, and use of a deadly weapon in commission of a crime. In August 2007, the state court entered a judgment of conviction and sentenced him to multiple terms of imprisonment.[5]

Ramirez appealed that conviction to the Nevada Supreme Court, which dismissed the appeal on February 21, 2008. There is no indication that Ramirez filed a petition for writ of certiorari with the United States Supreme Court. The state-court record shows that he did not file a state petition for writ of habeas corpus seeking post-conviction relief and, in his petition, he represents that he has not previously filed any petitions, applications, or motions with respect to this conviction in any state or federal court.

Ramirez filed his federal petition on December 3, 2019.[6] About two weeks later, I issued an order to show cause ("OSC") why Ramirez's petition should not be dismissed as untimely.[7] The federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."[8] The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[9]

The OSC notes that Ramirez's conviction became final when the time expired for filing a notice of appeal with Nevada appellate courts on September 7, 2007.[10] The federal statute of limitations thus began to run the following day. The court assumed, without deciding, that the limitations period was tolled during the pendency of Ramirez's direct appeal from December 21,

---

[5] In November 2007, the state court entered an amended judgment of conviction reducing the amount of restitution.

[6] ECF No. 1-1.

[7] ECF No. 3.

[8] 28 U.S.C. § 2244(d)(1)(A).

[9] 28 U.S.C. § 2244(d)(2).

[10] The Nevada Supreme Court's dismissal order indicates that Ramirez did not appeal the original judgment of conviction, which was entered on August 8, 2007.

2007, until February 21, 2008.  The time expired for filing a petition for writ of certiorari with the United States Supreme Court on May 21, 2008, so the limitations period would have started to run again on May 22, 2008.  Before the direct appeal was filed, 167 days of the federal limitations period elapsed.  Once the limitations period began to run again, it expired 198 days later.  Absent another basis for tolling or delayed accrual, the statute of limitations expired on December 5, 2008, making this petition—filed nearly 11 years later—untimely on its face.  The OSC ordered Ramirez to show cause in writing by January 15, 2020, why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

To date, Ramirez has not responded to the OSC.  He was warned that his petition would be dismissed with prejudice without further advance notice if he did not timely respond.  Ramirez filed the current petition nearly eleven years after the statute of limitations expired.  He has not alleged or established that his circumstances prevented him from filing a federal petition.  He has not asserted an entitlement to equitable tolling or delayed accrual.  He has not argued that he is actually innocent, much less come forward with new reliable evidence tending to establish actual factual innocence.  Accordingly, the petition, filed more than a decade after the expiration of the statute of limitations, is untimely and must be dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Jose Ramirez's Petition for Writ of Habeas Corpus **[ECF No. 1-1] is DISMISSED with prejudice as untimely**.
2. **A certificate of appealability is DENIED** because jurists of reason would not find my dismissal of this petition as untimely to be debatable or wrong.
3. Ramirez's Application to Proceed *In Forma Pauperis* and Motion for Appointment of Counsel **[ECF Nos. 1 and 1-2] are DENIED as moot**.
4. Under to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to ADD Nevada Attorney General Aaron D. Ford as counsel for respondents and informally SERVE the Nevada Attorney General by directing a notice of electronic filing of this order to his office.  No response is required from respondents other than to respond to any orders of a reviewing court.

5. The Clerk of Court is directed to ENTER FINAL JUDGMENT dismissing this action with prejudice, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 4, 2020February 4, 2020